IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


JAMES "TROY" DURHAM             *
                                *
                                *   Civil Action No. WMN-12-2757
v.                              *
                                *
SOMERSET COUNTY, MARYLAND       *
                                *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

                       **MEMORANDUM & ORDER**

    Before the Court are two motions to dismiss: ECF No. 5

(Defendant Somerset County's) and ECF No. 6 (Defendant Robert

Jones'). Those motions are fully briefed and Plaintiff has also

filed a motion for leave to file a surreply in opposition. ECF

No. 22.[1] Also pending are several motions related to Plaintiff's

efforts to amend his complaint: Somerset County's Motion to

Strike Amended Complaint, ECF No. 12; Robert Jones' Motion to

Strike Amended Complaint, ECF No. 13; Kirk Simpkins' Motion to

Strike Amended Complaint, ECF No. 18; Plaintiff's Motion for

Leave to File First Amended Complaint, ECF No. 14; and

---

[1] Plaintiff filed his request to file a surreply in response to
the County's suggestion in its reply memorandum that the Court
should treat the motions to dismiss as motions for summary
judgment. The County makes that suggestion based upon
Plaintiff's submission with his opposition of an email exchange
between Plaintiff's counsel and counsel for Sheriff Jones. The
Court concludes that it is not appropriate to convert the
motions to motions for summary judgment on that ground and it
appears that it is simply gamesmanship on the part of the
County's counsel to suggest otherwise. The Court will deny the
motion for leave to file a surreply as a surreply is unnecessary
in this context.

Plaintiff's Motion for Extension of Time to File Amended Complaint, ECF No. 15.

The Court will first address the motions related to the amendment of the complaint. The Amended Complaint seeks to name additional defendants - Kirk Simpkins, a Somerset County attorney, and several John/Jane Does who are "Somerset County Commissioners and/or the County Administrator and personnel specialists" – as well as to provide additional factual allegations in support of Plaintiff's claims. It is undisputed that the Amended Complaint was untimely filed. Plaintiff's counsel has acknowledged that the Amended Complaint was filed 11 days beyond the time permitted under the Federal Rules for amending as a matter of right. See Fed. R. Civ. P. 15. He also acknowledges that, while he requested and was granted an extension of time to respond to the motions to dismiss, he neglected to request an extension of time or to obtain consent to file his Amended Complaint out of time. Because the Amended Complaint was untimely filed, without leave of Court or by consent, it is technically a nullity and the Court agrees it should be stricken.

It is also undisputed, however, that Defendants were neither surprised nor prejudiced by the amended pleading. In a letter sent by Plaintiff's counsel more than a month before he filed the Amended Complaint, he informed Defendants of his

intent to add Simpkins and others as Defendants. Plaintiff's counsel also states that he is not contending that the Amended Complaint moots the motions to dismiss and he has fully responded to the arguments in those motions. Given the short delay and lack of prejudice, the Court will grant the motion for leave to file an amended complaint. See Fed. R. Civ. P. 15(a)(2) (instructing that courts "should freely give leave [to amend pleadings] when justice so requires").

Turning to the merits of Plaintiff's claims, this Court is well familiar with the underlying events that give rise to this action. Plaintiff previously filed suit in this Court against Somerset County Sheriff Robert Jones in his personal capacity, alleging that Sheriff Jones terminated his employment in retaliation for Plaintiff's exercising his First Amendment right to free speech. Specifically, Plaintiff publicized efforts on the part of Sheriff Jones and others to force Plaintiff to falsify a police report. See Durham v. Jones, Civ. No. WMN-10-2534, 2011 WL 1557841 (D. Md. Apr. 21, 2011) (denying Jones' motion to dismiss) (Durham I). Last May, a jury returned a verdict in favor of Plaintiff after a four day trial, concluding that Sheriff Jones had indeed violated Plaintiff's federal constitutional rights of free speech. The jury awarded Plaintiff $412,000 for economic losses, $700,000 in non-economic losses, and, after a second phase of the trial in which it was

demonstrated that Sheriff Jones had very limited assets or income, awarded $200 in punitive damages.

Shortly after Plaintiff prevailed in this forum, the Maryland Court of Special Appeals overturned a decision of the Circuit Court for Somerset County that had affirmed the termination of Plaintiff's employment by Sheriff Jones. The Court of Special Appeals concluded that Sheriff Jones' termination decision was "so extreme and egregious that it constituted an arbitrary and capricious action." Durham v. Jones, No. 1382 Sept. Term, 2010 (Md. Ct. Spec. App. Aug. 1, 2011) (unreported) (Durham II).

After losing both in this Court and in the Maryland Court of Special Appeals, Sheriff Jones and some or all of the Defendants in this action appear to have made every effort to continue to retaliate against Plaintiff and nullify the success of his litigation efforts. Despite strenuous efforts on the part of Plaintiff's counsel to locate assets belonging to Sheriff Jones, the judgment in Durham I is predicably unsatisfied. Despite the Court of Special Appeals' determination that Plaintiff was wrongfully terminated, Defendants have failed to restore him to the position in which he would had been had it not been for his wrongful termination. While Plaintiff has been reinstated as a Deputy Sheriff, at least in name, he has not been provided with a vehicle, a

4

uniform, a service weapon, or arrest powers – all benefits which he was provided prior to his unlawful termination.

Perhaps most egregious example of continued retaliation is the decision on the part of some or all of the Defendants to deny Plaintiff back pay for the lengthy period of time in which he was unemployed due to Sheriff Jones' retaliatory action. Simpkins, an attorney, has proffered what to the Court is a seemingly indefensible position that the County has no obligation to provide back pay to Plaintiff because "[i]t is [Simpkins'] understanding that a judgment for back wages has already been rendered by the U. S. District Court against Sheriff Jones individually."  ECF No. 20-5 (Oct. 16, 2012, letter from Simpkins to Plaintiff's counsel).

Based upon this continued retaliation, Plaintiff brings First Amendment Retaliation claims under 42 U.S.C. § 1983 and Freedom of Speech/Petition Retaliation claims under Article 24 of the Maryland Declaration of Rights.  In addition to the Defendants added in the Amended Complaint – Simpkins and the John/Jane Does – these claims are brought against Somerset County and Sheriff Jones.  Sheriff Jones is sued in his official capacity for events occurring from the time of Plaintiff's termination to the present and also in his personal capacity for events after the issuance of the Court of Special Appeals decision.

Defendants have moved to dismiss this action on a variety of grounds, including: (1) that Sheriff Jones, in his official capacity, is a state, not a county actor and, therefore, not a "person" subject to suit under § 1983; (2) that Somerset County lacked the ability to impact Sheriff Jones' decisions; (3) that attorneys cannot be held liable under § 1983; (4) that Plaintiff failed to give proper notice under the Local Government Tort Claims Act (LGTCA), Md. Code Ann., Cts. & Jud. Proc. §§ 5-301 to 5-304, and, thus, cannot pursue his Article 24 claim; (5) that, while there can be respondeat superior liability for state constitutional violations, Sheriff Jones is not an employee of the County and, thus, the County cannot be held liable for his actions; and, (6) that Plaintiff's request for injunctive relief is either moot or falls outside the Ex Parte Young[2] doctrine.

The Court will deny the motions to dismiss, finding that Defendants' grounds for dismissal either require discovery before they can be adequately evaluated or are simply not supported by the facts or the law. As to whether the County had or has any role in the retaliatory acts against him, Plaintiff has alleged that the County Commissioners are intricately

---

[2] Ex Parte Young, 209 U.S. 123 (1908). Under Ex Parte Young, suits for prospective injunctive relief can be brought against state officials acting in violation of federal law, notwithstanding the Eleventh Amendment bar to suits against states for monetary relief.

6

involved in the hiring, discipline, and firing of deputy sheriffs. Am. Compl. ¶ 34. More specifically, Plaintiff alleges that Sheriff Jones has stated that the County Commissioners "agreed and approved" the decision to terminate Plaintiff. Id. ¶ 34b. As to Sheriff Jones' status as a state or county policymaker, sheriffs can be either or both, depending on the area in which the policy is being made. See Dotson v. Chester, 937 F.2d 920, 928 (4th Cir. 1991).[3] As for claims against a county attorney, Plaintiff alleges that Simpkins is taking retaliatory measures against him, including denying him back pay, based on personal animus and malicious intent. If proven, those allegations could support a claim against Simpkins under § 1983. For all those issues, discovery is needed to determine if Plaintiff's allegations can be supported.

Regarding the issue of whether Plaintiff satisfied the requirements of the LGTCA, the Court finds that Plaintiff substantially complied with those requirements so that he can proceed with his Declaration of Rights claim. See Huggins v. Prince George's County, Md., 683 F.3d 525, 538 (4th Cir. 2012)

---

[3] Plaintiff's counsel has made some convincing arguments that decisions of this Court categorically holding that county sheriffs acting in their official capacities are always state actors may have been wrongly decided. The Court finds it unproductive, however, to address those arguments without a more fully developed factual record. Regardless, Sheriff Jones would remain in the case as he is being sued in his personal capacity based upon his conduct after August 2, 2012.

7

("touchstone of substantial compliance is whether the alleged notice was sufficient to fulfill the purpose of the requirement"). Here, Plaintiff, through counsel, sent letters to the County Commissioners on November 12, 2008, and April 2, 2009, complaining about his suspension and circumstances leading to that suspension. These notices gave the County more than enough notice to properly investigate Plaintiff's concerns and it is undisputed that they were aware that his employment was terminated based upon the same series of events that led to his suspension.

Finally, Plaintiff's claim for injunctive relief is certainly not moot, nor does it fall outside the Ex Parte Young exception. Plaintiff has not been restored to the position he would have been had Sheriff Jones not wrongfully terminated him and some or all of Defendants are certainly in the position to restore him to that position. The failure to do so is an ongoing violation of federal law, and truly reinstating him to his previous position is prospective relief within the scope of Ex Parte Young. See Doe v. Lawrence Livermore Nat. Lab., 131 F.3d 836, 841 (9th Cir. 1997) (observing that federal circuit courts have "held overwhelmingly the job reinstatement constitutes prospective injunctive relief").[4]

---

[4] Defendants have argued that Plaintiff is insisting that they waive certain recertification requirements and that requiring

With this Memorandum and Order, the Court will also issue a Scheduling Order so that the parties can commence discovery. It would seem, however, that resolving this matter, not by more litigation (with the attendant costs and delay), but by the appropriate implementation of the previous decisions of a federal jury and the Maryland Court of Special Appeals would be the more prudent course. At the parties' joint request, the Court would certainly refer this matter to a Magistrate Judge for settlement and the Court recommends that the parties seriously consider that option.

Accordingly, it is this 23rd day of April, 2013, by the United States District Court for the District of Maryland, ORDERED:

1) That the motions to dismiss filed by Defendant Somerset County, ECF No. 5, and by Defendant Robert Jones, ECF No. 6, are DENIED;

2) That Plaintiff's Motion for Leave to File a Surreply, ECF No. 22, is DENIED;

3) That the motions to strike the amended complaint filed by Somerset County, ECF No. 12; Robert Jones, ECF No. 13; and Kirk Simpkins, ECF No. 18, are DENIED;

---

them to do so falls outside <u>Ex Parte Young</u>. The question as to whether there are legitimate certification requirements that must be met or whether Defendants are simply throwing up unnecessary roadblocks against Plaintiff can only be answered through discovery.

4) That Plaintiff's Motion for Extension of Time to File Amended Complaint, ECF No. 15, is GRANTED;

5) That Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 14, is GRANTED, and the First Amended Complaint, ECF No. 14-2, is deemed filed as of the date of this Order; and

6) That the Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge