IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES "TROY" DURHAM,

   Plaintiff

v.     CIVIL NO. JKB-12-2757

SOMERSET CNTY., MD., *et al.*

   Defendants

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Somerset County, Maryland's motion for reconsideration (ECF No. 42) of this Court's prior order denying the County's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Order, 4/23/2013, ECF No. 33). This employment civil rights case was transferred to the undersigned from the Honorable William M. Nickerson on May 6, 2013, the same day that Judge Nickerson granted a motion for recusal filed by the County and a codefendant, Kirk Simpkins, who is the Somerset County Attorney. (ECF Nos. 36, 45.) The County's motion for reconsideration was filed several days earlier on May 2.

Although the Fourth Circuit has not stated a standard for a motion for reconsideration in the context presented here—denial of a motion to dismiss for failure to state a claim—it has at least implicitly endorsed the view expressed by then U.S. Magistrate Judge Paul W. Grimm in *Potter v. Potter*, 199 F.R.D. 550 (D. Md. 2001), on the standard. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452-53 (4th Cir. 2005). The *Potter* opinion noted, as have other decisions from other courts, that the Federal Rules of Civil Procedure do not provide for a "motion for reconsideration." 199 F.R.D. at 552. But under Rule 7, which defines a motion as a request for

a court order, litigants have considerable breadth as to the nature of relief they may request in a motion not otherwise specifically provided for in the Federal Rules. Thus, a motion for reconsideration in this context may be entertained. Nevertheless, because the federal courts are courts of limited resources, and because motions for reconsideration founded merely in discontent with prior rulings can be wasteful of those limited resources, it is necessary to have a standard for ruling on such a motion.

The standard expressed in *Potter* incorporated the widely accepted grounds of (1) an intervening change in controlling law, (2) a clear error in the initial ruling, or (3) new evidence that was not discoverable through the exercise of due diligence at the time of the initial ruling. 199 F.R.D. at 553. Such grounds would allow a motion for reconsideration to perform a valuable function by permitting a court to prevent manifest injustice without the need for appeal. However, as another court in this Circuit has noted, "Such problems rarely arise and the motion to reconsider should be equally rare." *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983), *cited in Potter*, 199 F.R.D. at 552.

> Were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience. . . .It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it.

*Potter*, 199 F.R.D. at 553, *cited in Pinney*, 402 F.3d at 453.

In the County's motion for reconsideration, it has advanced several arguments, all of which fall outside of the *Potter* standard. First, the County argues that Durham's *Monell*[1] claim is barred by the doctrine of *res judicata*. (Cnty's Mot. Recon. Supp. Mem. 6, ECF No. 42-1.)

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

The County fails to acknowledge, however, that it never advanced that argument in its motion to dismiss. Thus, no basis exists for "reconsidering" a ruling that was never made or sought.

The County's second argument is that the suit for money damages against Sheriff Jones in his official capacity is barred by the Eleventh Amendment. This is a curious argument given that Jones himself has not moved for reconsideration of the Court's ruling on the issue. The County has offered no authority that permits it to make arguments on behalf of other parties. *See Whittaker v. Morgan State Univ.*, Civ. No. JKB-10-3370, 2011 WL 1099266, at *1 (D. Md. Mar. 21, 2011) (denying motion by one party on behalf of other parties as procedurally irregular). This argument, too, is without merit.

The County's third argument is that the Court erred by concluding that discovery was needed on the issue of whether Jones was a county policymaker. The County wanted the Court to rule that Jones could not possibly be a county policymaker under the circumstances of this case. The undersigned finds no basis under the *Potter* standard for reconsidering this ruling. This argument is without merit, also.

In its fourth argument, the County takes issue with the Court's ruling that Durham substantially complied with the notice requirements of Maryland's Local Government Tort Claims Act. Again, it is obvious that the County's argument is based on mere disagreement with the Court's ruling and, therefore, presents no meritorious basis for reconsideration.

The County's final argument reargues that the County cannot be held liable under a *respondeat superior* theory for Jones's actions. (Supp. Mem. 16.) The Court's earlier opinion noted the possibility that some cases from this Court "categorically holding that county sheriffs acting in their official capacities are always state actors may have been wrongly decided." (Mem. Op. Apr. 23, 2013, at 7 n.3, ECF No. 33.) The ruling made was that this, too, was an

issue that should not be addressed "without a more fully developed factual record." *Id.* Not only is this ruling eminently reasonable, but the County's assertions that the Court never ruled on the matter ("The Court engaged in no legitimate analysis whatsoever") are factually inaccurate and, frankly, insulting to the Court. Counsel for the County is cautioned not to use similarly intemperate language in the future.[2]

None of the County's arguments has any merit. Its motion to reconsider (ECF No. 42) is hereby DENIED. Its reply (ECF No. 67) is STRICKEN. Plaintiff's request for attorney's fees makes an insufficient case and is DENIED. The County SHALL FILE its answer or other response to the amended complaint within 14 days of this order.

DATED this  6th  day of November, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[2] The undersigned has already cautioned counsel about the inappropriateness of vitriolic and disrespectful language in either communications with opposing counsel or filings with the Court. *See* Letter Order, May 9, 2013, ECF No. 56. This motion, with its inappropriate argument, predated that warning. However, the County's reply (ECF No. 67), filed with complete awareness of the Court's warning, also contains insulting language (*e.g.*, "It is an opinion that never should have escaped chambers . . . ."). (*Id.* at 2-3.) To remedy this problem, the Court will strike the reply.

4