IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES "TROY" DURHAM,

   Plaintiff

v.     CIVIL NO. JKB-12-2757

SOMERSET CNTY., MARYLAND, *et al.*,

   Defendants

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Somerset County's motion for judgment on the pleadings. (ECF No. 77.) The County seeks partial judgment as to Counts II and VI[1] of the amended complaint, asserting that the doctrine of *res judicata* bars portions of these two counts, specifically, the retaliatory discharge portions of Counts II and VI. (Def.'s Mot. Supp. Mem. 6-7.) Consequently, the Court assumes that the County's argument is not directed to claims of retaliatory refusal or failure to issue back pay and to reinstate benefits, which are also part of Counts II and VI. The Court has considered the County's motion, Durham's response in opposition (ECF No. 79), and the County's reply (ECF No. 80). No hearing is necessary. Local Rule 105.6 (D. Md. 2011.) The motion will be denied.

---

[1] Although the County's motion states that it is seeking partial judgment as to Counts II and *IV* of the amended complaint (Def.'s Mot. 1), it is clear from the discussion in the County's supporting memorandum that the County is asking this Court to rule on the viability of portions of Counts II and *VI*. (Def.'s Mot. Supp. Mem. 3, 7.) Accordingly, the Court will consider the County's motion to be focused on Counts II and VI of the amended complaint. The County is also a defendant in Count VII, but does not seek judgment as to that count.

*I. Background*

The amended complaint is brought against (1) the Sheriff of Somerset County, Maryland, Robert N. Jones, in his official capacity for events occurring from September 14, 2009, through the present; (2) Sheriff Robert N. Jones in his personal capacity for events occurring from August 2, 2012, through the present; (3) Somerset County, Maryland; (4) Somerset County Attorney Kirk Simpkins, Esquire, in his personal capacity; and (5) John and Jane Does who are the Somerset County Commissioners and/or the County Administrator and personnel specialist. (Am. Compl. ¶¶ 3-5, ECF No. 34.) Essentially, Durham alleges he, a deputy sheriff in Somerset County, was discharged in retaliation for his exercise of his First Amendment rights and that, despite a jury verdict in his favor in his first suit on this point against Sheriff Jones in his personal capacity (which has now been affirmed by the Fourth Circuit), and despite a ruling by the Maryland Court of Special Appeals that his termination was arbitrary and capricious, he has yet to be reinstated with backpay and restoration of his police powers and to be returned to his former duties as a deputy sheriff. (*Id.* ¶¶ 8-9, 44-45.) Thus, he claims that the actions of the named defendants since the retaliatory discharge are also retaliation for the exercise of Durham's First Amendment rights. (*Id.* ¶ 48.)

Durham's first suit was *Durham v. Jones*, Civ. No. WMN-10-2534, in this Court (*Durham I*). Originally, the defendants in *Durham I* were Sheriff Jones in both his personal and official capacities and Somerset County. (WMN-10-2534, Compl., ECF No. 1.) Durham asserted various causes of action for First Amendment retaliation and abusive discharge. (*Id.*) Somerset County and Sheriff Jones filed motions to dismiss (*id.* ECF Nos. 7, 8), and in response, Durham filed both an amended complaint that named only Sheriff Jones in his personal capacity (*id.* ECF No. 11) as well as a notice of voluntary dismissal without prejudice of his claims

against the County pursuant to Federal Rule of Civil Procedure 41(a)(1) (*id.* ECF No. 12). The Court approved the notice of dismissal, and Somerset County was terminated from the case. (*Id.* ECF No. 16.) As noted earlier, the remaining case proceeded to a jury verdict in Durham's favor on the question of whether Sheriff Jones terminated Durham's employment in retaliation for his exercise of First Amendment rights, and pursuant to 42 U.S.C. § 1983, the jury awarded economic and noneconomic damages and concluded Durham was entitled to punitive damages. (*Id.* ECF No. 85.) All totaled, the judgment entered was for $1,112,200. (*Id.* ECF No. 87.)

## II. Applicable Legal Standards

A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standard applicable to motions to dismiss under Rule 12(b)(6). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Because, however, the County is not taking issue with the factual sufficiency of Durham's allegations, the familiar standard for evaluating such need not be cited. Instead, the County is asserting that Durham's complaint is insufficient as a matter of law to overcome the doctrinal bar of *res judicata* on his claims of retaliatory discharge. Given that Durham's first complaint was also in the federal courts, federal rules of *res judicata* apply. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). *See also Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."). The County must establish three elements in order to be successful in claiming the defense of *res judicata*: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997), *quoted in Andrews*, 201 F.3d at 524.

*III. Analysis*

As to the County, the Court notes that it was voluntarily dismissed without prejudice under Rule 41(a)(1). This disposition is the opposite of an adjudication upon the merits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). "The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Id.* The Fourth Circuit has stated, "Dismissals without prejudice do not bar subsequent suits by *res judicata*." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993). Despite this clear statement in governing case law, the County seeks to get around the obvious import of Rule 41(a) by asserting that it was in privity with Sheriff Jones in his personal capacity in *Durham I* and, hence, Durham cannot now litigate any retaliatory discharge claim against the County because that would be tantamount to litigating the same claim against the County twice. The County's argument is without merit.

Employing a similar analysis to that used in *Brooks v. Arthur*, 626 F.3d 194 (4th Cir. 2010), this Court concludes that the County was not in privity with Sheriff Jones in his personal capacity in *Durham I*. In *Brooks*, the Fourth Circuit reasoned that Virginia's Department of Corrections could only be in privity with the defendants, who were plaintiffs' supervisors, in their individual capacities under

> a transitive theory of capacities. First, it must be concluded that the Department was in privity with Arthur and Mitchell in their official capacities. Second, it must be concluded that Arthur and Mitchell in their official capacities were also in privity with themselves in their individual capacities. And, based on these two conclusions, the Department must then be deemed to have been in privity with Arthur and Mitchell in their individual capacities.

*Id.* at 200-01 (applying identical federal common law). The Court, however, applied the rule of differing capacities, which "is generally understood to mean that defendants in their official and

4

individual capacities are not in privity with one another for the purposes of res judicata." *Id.* at 201. As a consequence, the *Brooks* Court held that no privity existed between the Department and the defendant supervisors in their individual capacities, thereby foreclosing the Department's asserted defense of *res judicata*. *Id.* at 203. That rationale is equally applicable here. Thus, this Court holds that the County was not in privity with Sheriff Jones in his personal capacity in *Durham I*. Consequently, Durham's claims of retaliatory discharge are not barred by *res judicata*.

## IV. Conclusion

For the foregoing reasons, the County's motion for judgment on the pleadings (ECF No. 77) is DENIED. By separate correspondence, a telephonic conference will be set to determine the schedule in the case.

DATED this <u>22nd</u> day of January, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge