IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES "TROY" DURHAM,

    Plaintiff

v.                                               CIVIL NO. JKB-12-2757

SOMERSET CNTY., MD, *et al.*,

    Defendants

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's motion for sanctions against John F. Breads, Jr., Esq. (ECF No. 84.) Breads formerly represented Defendants Somerset County and Somerset County Attorney Kirk Simpkins. Breads has not responded to the motion.

One focus of the motion is Breads's vitriolic filings with the Court prior to reassignment of the case from the Honorable William M. Nickerson to the undersigned on May 6, 2013. Another focus is Breads's uncivil conduct towards Plaintiff's counsel. In both respects, Breads's conduct went well beyond zealous advocacy. Although the Court agrees that Breads's conduct was offensive to say the least, the motion will not be granted for the following reasons:

1. When the undersigned came into the case, the Court hastened to rein in counsel's behavior, and that mission was not directed only at Breads. (Letter Order, May 9, 2013, ECF No. 56.) Immediately after this admonition, Breads reoffended, filing a reply to a motion that included more of the same inappropriate language that he had apparently become accustomed to using (see ECF No. 67). The result was that the reply was stricken and not considered by the Court in its denial of the motion Breads

had filed. (see ECF No. 75, f.n.2) Thereafter, as far as the Court can tell, Breads conducted himself in accordance with commonly accepted standards for lawyers.

2. Perhaps Breads and/or his clients realized that striking foul blows would do nothing to advance their cause and in fact only undercut their credibility with the Court. Regardless, after being admonished a second time via the striking of his inappropriate submission, Breads withdrew from the representation of his clients. Counsel suggested that his withdrawal was made necessary by the prospect of his being a future witness in the case, (see ECF No. 83), but to the extent this was also self-chastening action in recognition of his prior mistakes, it was ultimately to his credit.

3. The case appears to be back on track with counsel of record (including new counsel for the defendants) conducting themselves as they should, and it would be a distraction now to resurrect bad behavior from nearly a year ago.

For the reasons stated above, Plaintiff's motion (ECF No. 84) is DENIED.

DATED this 25th day of March, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge